**WO** RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Drummy, ) | No. CV-04-3001-PHX-EHC (DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Maricopa County Sheriff's Office, et al., ) | |
| Defendants. ) | |

On December 23, 2004, Shawn Drummy ("Plaintiff"), presently released, filed with the Clerk of the Court a pro se Civil Rights Complaint By A Prisoner (Document #1) ("Complaint").[1]  Plaintiff did not pay a filing fee, but he filed a certified Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas) ("Application To Proceed") and an Inmate Account Statement ("Account Statement") with his Complaint.

By Order filed July 22, 2005 (Document #6), Plaintiff's Application to Proceed was granted and Plaintiff was obligated to pay the one hundred and fifty dollar ($150.00)

---

[1] When Plaintiff filed the Complaint, he was confined in the Maricopa County Towers Jail in Phoenix, Arizona ("Towers Jail").

- 1 -

1  statutory filing fee for this action.  Based on the average monthly deposits in Plaintiff's
2  account for three (3) months immediately preceding the filing of the Complaint, an initial
3  partial filing fee of thirty-seven dollars and thirty-three cents ($37.33) was assessed.

4  The Order filed July 22, 2005 also dismissed Plaintiff's Complaint without prejudice,
5  with leave to amend.  Plaintiff was given thirty (30) days from the filing date of the Order
6  to file an amended complaint.  To date, Plaintiff has failed to comply with the Court's July
7  22, 2005 Order.

8  By separate Order filed July 22, 2005 (Document #7), the Maricopa County Sheriff
9  or his designee was required to send to the Clerk of the Court the initial partial filing fee, and
10  thereafter, payments from Plaintiff's trust account each time the amount in the account
11  exceeds ten dollars ($10.00), until the statutory filing fee of one hundred and fifty dollars
12  ($150.00) was paid in full.  28 U.S.C. § 1915(b)(2).

**RETURNED MAIL**

14  On July 22, 2005, the Clerk of the Court mailed copies of both of the Court's July 22,
15  2005 Orders (Document ##6 & 7) in separate envelopes to Plaintiff at his last known address
16  at the Durango Jail.  On July 28, 2005, both envelopes were returned to the Clerk of the
17  Court with the notations "REL" and "NOT DELIVERABLE AS ADDRESSED UNABLE
18  TO FORWARD."  Since then, Plaintiff has failed to file a Notice of Change of Address, or
19  to in any way notify the Court of his whereabouts.  Accordingly, the Clerk of the Court has
20  been unable to remail copies of the Orders to Plaintiff.[2]

21  Rule 3.4(a) of the Local Rules of Civil Procedure ("LRCiv") requires that an
22  incarcerated litigant comply with the instructions attached to the Court-approved Complaint
23  form.  Those instructions state: "You must immediately notify the clerk ... in writing of any
24  change in your mailing address.  Failure to notify the court of any change in your mailing

---

[2]The website of the Maricopa County Sheriff does not show Plaintiff as being in the current custody of the Maricopa Sheriff.  Also, the website of the Arizona Department of Corrections (ADOC) does not show Plaintiff as being in the current custody of the ADOC.

- 2 -

1  address may result in the dismissal of your case." (Information and Instructions for a
2  Prisoner Filing Civil Rights Complaint at 2).

3      Also, in its Notice Of Assignment (Document #2) ("Notice"), the Court warned
4  Plaintiff that "[f]ailure to comply with the following rules will result in your document being
5  STRUCK and/or your case being DISMISSED." (Notice at 1). One of the rules listed was
6  that "[y]ou must file a Notice of Change of Address if your address changes." (Notice at 1).

7  **FAILURE TO PROSECUTE**

8      Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co.
9  v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the
10 duty of a plaintiff who has filed a pro se action to keep the Court appraised of his or her
11 current address, and to comply with the Court's orders in a timely fashion. This Court does
12 not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears
13 the burden of keeping the court apprised of any changes in his mailing address." Carey v.
14 King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of
15 his new address constitutes failure to prosecute.

16     Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
17 plaintiff to prosecute or to comply with these rules or any order of court, a defendant may
18 move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31
19 (1962), the Supreme Court recognized that a federal district court has the inherent power to
20 dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b)
21 of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover,
22 in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even
23 without notice or hearing. Id. at 633.

24     In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,
25 the Court must weigh the following five factors: "(1) the public's interest in expeditious
26 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
27 the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
28

1  availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v.
2  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the
3  imposition of sanctions in most cases, while the fourth factor cuts against a default or
4  dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions."
5  Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

6      Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure
7  to keep the Court informed of his address prevents the case from proceeding in the
8  foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor
9  requires the Court to consider whether a less drastic alternative is available. Without
10 Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in
11 Carey, "[a]n order to show cause why dismissal is not warranted or an order imposing
12 sanctions would only find itself taking a round trip tour through the United States mail." 856
13 F.2d at 1441.

14     The Court finds that only one less drastic sanction is realistically available. Rule
15 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
16 merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,
17 the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint
18 and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the
19 Federal Rules of Civil Procedure.

20     **IT IS THEREFORE ORDERED** that the Civil Rights Complaint By A Prisoner
21 (Document #1) and this action are DISMISSED WITHOUT PREJUDICE pursuant to Rule
22 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and the Clerk of the
23 Court is DIRECTED to ENTER JUDGMENT accordingly.

24     DATED this 5th day of October, 2005.

25
26 *[signature: Earl H. Carroll]*
27 Earl H. Carroll
   United States District Judge
28

- 4 -